Davis, J.,
delivered the opinion of the court:
On the 1st of November, 1865, the claimant was appointed an assistant special agent for the collection of cotton. The amount of his compensation was left to be fixed thereafter, and was to depend upon the result of his labors and the duration of his employment. The regulations at that time only entitled assistant agents who collected less than $100,000 of cotton to 2J per cent, on the amount collected.
Other assistant special agents, named Willett, Savery, and *287 Garrard, were employed in tbe same district with, the claimant. Four lots of cotton were seized, the commissions upon which are in controversy.
The largest lot was the Dennistoun lot. It was collected by Willett and Savery. Its proceeds amounted to $289,133.03. Of this large amount $230,133.03 was eaten up in expenses, and the remaining $59,000 was restored to the owners.
The Silcox cotton was collected by Savery. Of its proceeds $18,595.20 were consumed in expenses, and $22,246.24 went into the Treasury.
The Carswell cotton was collected by Garrard. The expenses on it were $8,506.61, and the remainder of the proceeds, amounting to $28,449.37, was released to owners.
A small lot of ten bales, known as the Dead cotton, was collected by the claimant. The expenses on this were $113.40, and $1,154.48 went into the Treasury.
At the close of the work Willett appointed the claimant his attorney in fact to collect-what might be due him from the Treasury.
The claimant thereupon presented to the Treasury two memorandum accounts, both written on the face of the same piece of paper. In one of them he claimed, in Willett’s name, the commissions on the Dennistoun and Silcox cottons which the regulations allowed to an assistant agent. In the other he claimed in his own name similar commissions on the Carswell and Dead cottons, and a commission of 1 per cent, on all the cottons.
At the time of presenting these claims the claimant had been paid a per diem pay of $10 during the time employed, and his expenses. The commissions claimed on Willett’s behalf were within the terms of the allowances by the regulations, as were also those claimed by the claimant on the Dead cotton; but the claim put forward for an extra 1 per cent, on the whole cotton was outside of the regulations.
The Assistant Secretary of the Treasury wrote upon the back of the paper thus presented, “Approved. An advance to be made to Mr. Titus of five thousand dollars, and payment of balance delayed until further orders,” and signed his name.
The matter then went before the Secretary of the Treasury, Mr. McCulloch, who on the same day signed an order directing *288 a requisition to issue “in favor of H. B. Titus, attorney in fact of James B. Willett, late assistant special agent, for the sum of $5,000 on account, and in advance of tbe settlement of the amount of his commissions on the net proceeds of captured cotton collected by him and sold in New York.”
The effect of this double action was to authorize the payment of $5,000 on Willett’s account, and to leave the settlement of Willett’s and the claimant’s demands for commissions for future adjustment and allowance.
In May, 1872, the demands which had been made on Willett’s behalf were allowed by Mr. Boutwell, and were paid in full. There is no controversy about them.
In the same month Secretary Boutwell allowed the claimant his claim of 2¿ per cent, commission on the Dead cotton, and also 1 per cent, on a revised return of the proceeds of the Silcox cotton; and these amounts were paid.
The present suit is brought in fact to recover the remainder of the 1 per cent, on the four lots of cotton. This we hold the claimant is not entitled to—
, 1st. Because it is not allowed him by the regulations.
2d. Because his claim to it has been disallowed by the Secretary of the Treasury, who, by the terms of the original engagement, was to fix the allowances to be made him.
3d. Because it does not appear that he did any service to earn the commissions he demands.
4th. Because the services he claims to have rendered were rendered more than six years before the commencement of this action.
The judgment of the court is that the claimant’s petition be dismissed.
Hunt, J., having been appointed Secretary of the Navy, did not take part in the decision of this case, nor in any of the succeeding cases in this volume.